UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| INSIGNIA SYSTEMS, INC., | Civil No. 04-4213 (JRT/AJB) |
| Plaintiff, | |
| STATE OF MINNESOTA, | |
| Plaintiff-Intervenor, | **ORDER AFFIRMING ORDER OF MAGISTRATE JUDGE** |
| v. | |
| NEWS AMERICA MARKETING IN-STORE, INC. and ALBERTSON'S INC., | |
| Defendants. | |

---

Willie L. Hudgins, **KELLEY DRYE AND WARREN**, 3050 K Street NW, Suite 400, Washington, DC 20007-5108, for plaintiff.

Jennifer L. Dekarske and Alan I. Gilbert, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, Suite 1200, St. Paul, Minnesota 55101-2130. for intervenor State of Minnesota.

Stacey Anne Mahoney, **CONSTANTINE CANNON**, 450 Lexington Avenue, 17th Floor, New York, NY 10017; and Todd A. Wind, **FREDRIKSON & BYRON**, 200 South Sixth Street, Suite 4000, Minneapolis, MN 55402, for defendant News America Marketing In-Store, Inc.

Michael A. Lindsay and Kevin S. Ueland, **DORSEY & WHITNEY LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402-1498, for defendant Albertson's Inc.

Plaintiff Insignia, Inc. and defendant News America Marketing In-Store, Inc. ("NAMI") are direct competitors in the in-store advertising market. Each buys shelf

space and other advertising space from retailers, like defendant Albertson's Inc. ("Albertsons"), and sells advertising services to manufacturers of packaged products. Insignia alleges state and federal antitrust violations against NAMI and Albertsons and false advertising violations against NAMI.

On September 20, 2006, the State of Minnesota filed a motion to intervene in this case. United States Magistrate Judge Arthur J. Boylan heard oral argument on the motion on October 16, 2006. In an Order dated October 23, 2006, the Magistrate Judge granted the motion to intervene. NAMI timely filed an appeal from the Magistrate Judge's Order. For the following reasons, this Court affirms the Order of the Magistrate Judge.

## ANALYSIS

### I. STANDARD OF REVIEW

"The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). This Court will reverse such an order only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a).

### II. NAMI'S APPEAL OF THE MAGISTRATE JUDGE ORDER

The State of Minnesota must satisfy the requirements of Rule 24(a)(2) of the Federal Rules of Civil Procedure to intervene in this case as a matter of right. "A timely motion to intervene as of right under Fed. R. Civ. P. 24(a)(2) should be granted where three conditions are met: 1) the proposed intervenor has an interest in the subject matter

of the action; 2) the interest may be impaired; and 3) the interest is not adequately represented by an existing party to the action." *Sierra Club v. Robertson*, 960 F.2d 83, 85 (8th Cir. 1992).  NAMI does not object to the Magistrate Judge's conclusion that the motion to intervene is timely, but argues that the three conditions listed above have not been met.

First, NAMI argues that this case is a private dispute between two competitors and that the State does not have an independent interest in this litigation.  The Magistrate Judge concluded that the State has an interest in this action because it is in the State's interest to enforce Minnesota's laws concerning unfair, discriminatory, or other unlawful practices in business, commerce, or trade.  *See* Minn. Stat. §§ 8.01 and 8.31.  There is no law binding on this Court that holds that an interest of this nature is insufficient.  As such, the Court cannot conclude that the Magistrate Judge's determination that the State has a direct interest in this litigation is clearly erroneous.

Second, NAMI argues that any interest the State may have in this litigation will not be impaired if the State is not made a party to the litigation.  NAMI points to the fact that, regardless of the outcome of the instant litigation, the State could initiate a separate action in state court and seek civil penalties and injunctive relief from NAMI.  However, the ultimate decision from this Court, while not binding on state courts, is likely to have precedential value.  Several courts have stated that stare decisis by itself may, in the proper case, furnish the practical disadvantage sufficient to justify intervention as of right.  *Francis v. Chamber of Commerce of United States*, 481 F.2d 192, 195 (4th Cir. 1973); *Nuesse v. Camp*, 385 F.2d 694, 702 (D.C. Cir. 1967); *Atlantis Dev. Corp. v.*

*United States*, 379 F.2d 818, 826-829 (5th Cir. 1967). The Magistrate Judge's conclusion that denial of intervention would impair the interests of the State of Minnesota is therefore not clearly erroneous.

Third, NAMI contends that Insignia adequately represents the State's interests. The Magistrate Judge concluded that the State has met its "minimal burden" of showing that Insignia "may not" adequately represent its interest in the case. *See Robertson*, 960 F.2d at 85.  In its appeal, NAMI argues that the State and Insignia share the same ultimate goal of proving that NAMI violated the law, and that Insignia's interests in prevailing against NAMI are likely stronger than the State's interests because Insignia has financial motivation.  The Court agrees with NAMI that the State and Insignia both share an interest in prevailing against NAMI.  However, because the State's interests are much broader than Insignia's interests, the Court concludes that the interests of Insignia and the State are "sufficiently disparate" such that representation by Insignia may be inadequate. *See id.* at 86 (finding a state's interests supporting intervention to be sufficiently disparate from private plaintiffs in part because the state represents the interests of all its citizens). Specifically, the State is a governmental entity that has the duty to represent the interests of all its citizens and may seek civil penalties against NAMI on behalf of these citizens. Insignia, on the other hand, is a private corporation that is seeking relief only for itself.

Accordingly, the Court grants the State of Minnesota's motion to intervene.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that the Magistrate Judge's October 23, 2006 Order [Docket No. 127] is **AFFIRMED.**

DATED:    December 29, 2006                     s/ John R. Tunheim     _
at Minneapolis, Minnesota.                            JOHN R. TUNHEIM
                                               United States District Judge