UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

INSIGNIA SYSTEMS, INC.,                          CIVIL NO. 04-4213 (JRT/AJB)

        PLAINTIFF,

V.                                                    **REPORT AND**
                                                     **RECOMMENDATION**

NEWS AMERICA MARKETING IN-STORE, INC., ET AL.,

        DEFENDANT.

This matter is before the Court, United States Magistrate Judge Arthur J. Boylan, on Plaintiff Insignia Systems, Inc. ("Insignia") Motion for Limited Discovery pursuant to Fed. R. Civ. P. 56(f) [Docket No. 512]. Said motion was referred to the undersigned by the Honorable John R. Tunheim for findings of fact and a recommendation for the disposition of the motion upon completion of a hearing [Docket No. 540]. A hearing was held on April 27, 2009, in the United States Courthouse, 316 N. Robert St., St. Paul, MN 55101. Stephen Wood, Esq., represented Insignia. Matthew L. Cantor, Esq., Todd A. Wind, Esq., and Ankur Kapoor, Esq., represented Defendant News America Marketing In-Store, Inc. ("NAM")

Based upon the file and documents contained therein the Magistrate Judge makes the following:

**FINDINGS AND CONCLUSIONS**

Plaintiff commenced this action upon filing its Complaint on September 23, 2004. See Compl.[Docket No. 1]. Since that time, the parties and the Court have spent a significant

1

amount of time and expense litigating and adjudicating this matter.  To that end, there have been:

> • Six motions to amend the pretrial scheduling order [Docket Nos. 334, 366, 381, 391, 446, 449];
>
> • Five dispositive motions (not counting the pending motions for summary judgment) [Docket Nos. 28, 30, 56, 59, 162];
>
> • Six motions for protective order [Docket Nos. 150, 203, 204, 213, 255, 385];
>
> • Three motions to amend pleadings [Docket Nos. 54, 139, 392];
>
> • Four requests for reconsideration/appeals [Docket Nos. 111, 130, 167, 454];
>
> • Five motions to stay/compel discovery [Docket Nos. 91, 205, 206, 257, 337];
>
> • Ten stipulations [Docket Nos. 8, 94, 133, 188, 189, 247, 323, 329, 331, 383]; and
>
> • Ten other miscellaneous, pertinent non-dispositive motions [Docket Nos. 9, 72, 115, 228, 251, 304, 307, 355, 405, 434].[1]

Fact discovery began in January 2007 and closed on August 11, 2008; the non-dispositive motions deadline expired on October 17, 2008; and expert discovery closed on December 22, 2008 [Docket No. 449].  On top of that, on January 30, 2009, NAM, Insignia and its CEO, Scott Drill, moved for summary judgment [Docket Nos. 473, 493, 500].  In total, the Court has heard over 50 separate motions from the parties in this case.

Nearly a month after filing its Motion for Summary Judgment, Insignia filed its current Rule 56(f) motion on February 27, 2009.  Insignia filed this motion seeking an order requiring NAM to produce in a usable form: (1) Transactions data indicating stores where NAM's ads are

---

[1] The Court would also note that all parties involved have equally contributed to the aforementioned motion practice.

placed, not merely aggregate data for store chains; (2) transactions data that tells Insignia which packaged goods products are being advertised, not only by CPG [Consumer Packaged Goods], but by brand name; (3) transactions data that matched in-store transactions with FSI transactions; and (4) transactions data sufficient to show any payments to NAM retailers for failing to meet guarantees. See Pl.'s Mot. [Docket No. 512].

Upon request of a party and submission of a supporting affidavit, the Court is permitted to refrain from ruling on a motion for summary judgment pursuant to Rule 56(f) until such time as adequate discovery has been accomplished. Rule 56(f) provides that a court "may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had... or issue any other just order." Rule 56(f) is designed to protect a party opposing a motion for summary judgment that "has not had the opportunity to discover information that is essential to his opposition." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986). As noted above as to the duration of discovery (close to two years) and amount of motion practice (close to fifty motions/stipulations) that has taken place to date in this case, the Court concludes that Insignia has had more than abundant and sufficient opportunity to discover information that is needed to respond to NAM's motion for summary judgment. In fact, almost five months passed between the time NAM produced all of the transaction data requested in its possession and Insignia filed its Rule 56(f) motion. See Def.'s Mem. 5 [Docket No. 554]. Notwithstanding the argument made by Insignia that this data was produced after the close of discovery, Insignia had more than a month to compel further discovery from NAM on this matter, but instead accepted NAM's data production without objection or further modification of the deadlines set forth in the

3

Pretrial Scheduling Order. See Powell v. Nat'l Football League, 711 F.Supp. 959, 965 (D.Minn. 1989)("The Court will not permit Rule 56(f) to be used as a delay of the inevitable.").

Additionally, "the party seeking additional discovery [must] proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." See e.g., Nidds v. Schindler Elevator Corp., 113 F.3d 912, 921 (9th Cir. 1996); see also VISA Int'l Serv. Ass'n v. Bankcard Holders of Amer., 784 F.2d 1472, 1475 (9th Cir. 1986). "A party seeking the shelter of Rule 56(f)...must conclusively justify his inability to respond adequately or not at all to the movant's affidavits." Wilmar Poultry Co. v. Morton-Norwich Prods., Inc., 520 F.2d 289, 294 (8th Cir. 1975); see also Humphreys v. Roche Biomedical Labs., Inc., 990 F.2d 1078, 1081 (8th Cir. 1993). "A party evoking [Rule 56(f)] protection "must do so in good faith by affirmatively demonstrating why he cannot respond to a movant's affidavits...and how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." See Willmar Poultry Co., 520 F.2d at 298. "A conclusory statement that some useful evidence could possibly be found is insufficient to preclude the termination of discovery." See Nat'l Bank of Comm. v. Dow Chem. Co., 165 F.3d 602, 606 (8th Cir. 1999).

NAM contends that the data requested by Insignia either does not exist, or in the case of per-store data, would take an enormous amount of time and expense to search for and produce such data. See Def.'s Mem. 1-2 [Docket No. 554], Mem. 11-12 [Docket No. 525]. NAM claims that they produced all of the transaction data requested by Insignia on September 15, 2008. NAM also told Insignia as early as February 15, 2008, that it could not produce per-store data

(i.e., subpart 1 above) because its expert relies on <u>average</u> per-store data. <u>See</u> Pl.'s Mem. 1 [Docket No. 547]; <u>see also</u> Def.'s Mem. 11 [Docket No. 525].

Notwithstanding these contentions, the Court concludes that Insignia has failed to provide sufficient facts to show that the evidence requested does in fact exist. With respect to per-store data and data showing which packaged goods products are being advertised by product brand name, Insignia merely speculates that since NAM maintains compliance data "that it <u>should</u> have [the data by store and brand name] as well." <u>Id.</u> at 3 (emphasis added). As for the requested in-store/FSI "matching" data or data concerning "payments to NAM retailers for failing to meet guarantees", Insignia makes no showing whatsoever that this information exists. <u>Id.</u> at 4. While it is arguably true this information may be relevant, Insignia has failed to meet its burden that said data exists.

Even assuming *arguendo* that Insignia was not given adequate opportunity to discover information to respond to NAM's summary judgment motion, the Court would hold that Insignia has not "conclusively justified" its inability to respond to NAM's motion to prevent the entry of summary judgment against them because this data has not yet been produced. Insignia noted at the April 27th hearing that "there is, we believe, ample non-quantitative evidence in the record...that would justify denying News America's motion for summary judgment" and that it had been "able to manipulate [requested] data to fully respond to [NAM's] summary judgment motion." <u>See</u> Tr. 4:25-5:04; 23:02-24:10. Insignia also states that "all of these data...would provide additional evidence to defeat NAM's motion for summary judgment, over and above the substantial evidence-both quantitative and non-quantitative-that [it] has proffered to date." <u>See</u>

Pl.'s Mem. 4 [Docket No. 547].  Moreover, Insignia was "able to use [the CPG and retailer data produced by NAM] that easily to run tests and draw conclusions." See Tr. 15:08-14.  Dr. Overstreet, Insignia's expert, also "used the data...to run some new regressions and draw conclusions about what that data showed...[and] [h]e also corrected some of the data calculations...[a]nd these were all incorporated into his rebuttal report that was issued on the 29th of December." Id. at 16:01-11.  Based on these representations, the Court could alternatively conclude that this matter is moot due to the fact that Insignia has received and utilized the data (or similar data in a different form) sought by this motion.  Nonetheless, the data NAM does have in its possession that is responsive to Insignia's Rule 56(f) requests has already been produced to the extent it exists and has thereafter been utilized by Insignia in their expert reports and the subsequent motion for summary judgment.  Therefore, the Court holds that the data sought by this motion should not prevent the summary judgment motion from going forward without delay.

## RECOMMENDATION

For all the above reasons, the undersigned **recommends** that Insignia's Motion for Limited Discovery pursuant to Rule 56(f) [Docket No. 512] be **denied**.


Dated: May 6, 2009


   s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.2, any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before May 21, 2009.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.