# KELLEY DRYE & WARREN LLP

A LIMITED LIABILITY PARTNERSHIP

333 WEST WACKER DRIVE

SUITE 2600

CHICAGO, ILLINOIS 60606

(312) 857-7070

NEW YORK, NY
WASHINGTON, DC
STAMFORD, CT
PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICES
MUMBAI, INDIA

FACSIMILE
(312) 857-7095
www.kelleydrye.com

DIRECT LINE: (312) 857-2311
EMAIL: swood@kelleydrye.com

April 30, 2010

**VIA ECF**

The Honorable John R. Tunheim
United States District Court
13E U.S. Courthouse, 300 S. Fourth Street
Minneapolis, MN 55415

    Re:    Insignia Systems, Inc. v. News America Marketing, In-Store, Inc., et al.
            No. 04-4213 (JRT/AJB)

Dear Judge Tunheim:

    This letter is sent in response to the letter from News America, Marketing In-Store, Inc. (News) sent to you earlier today.

    Regarding the "status of discovery," the recent activity consists of supplementation that Insignia is providing as the case approaches trial. It should be noted that this supplementation was actually requested by News. Moreover, supplementation of damages evidence prior to trial is common in commercial litigation, particularly where, as here, there is a significant time lapse between the close of discovery and trial (more than a year in the case at bar). News was involved in such supplemental expert discovery on the eve of its federal antitrust case with Valassis Communications, pending in the Eastern District of Michigan, that News recently settled for $500 million. The week before the start of trial supplemental depositions were taken of News' experts in that litigation.

    Contrary to News' statement that Insignia offered a new theory of damages in this supplementation, disgorgement is provided for under the Lanham Act, and News has been on notice since the filing of Insignia's amended complaint that Insignia would seek enhanced damages for News' violations of that statute. This is not new, and no one should be surprised that Insignia's damages have increased beyond the figures disclosed in September 2008 because News' anticompetitive conduct continues. The jury should be permitted to hear from witnesses the current state of Insignia's damages, not figures that are more than 18 months old. Insignia

CH01/WOODS/250508.1

KELLEY DRYE & WARREN LLP

The Honorable John R. Tunheim
April 30, 2010
Page Two

has already produced a Rule 30(b)(6) witness to provide testimony about the financial projections that are part of its damages proof. Insignia has furthermore offered May 11th as the date for its expert, Dr. Overstreet, to testify regarding Insignia's updated damages.

It is also incorrect to say that for the first time Insignia is seeking damages for "lost business" apart from its main product line, POPSigns. In fact, there is ample evidence in the discovery record, documentary and testimonial, fact and expert, about products that Insignia attempted to develop but was unable to sell profitably due to News' anticompetitive conduct. Thus, this is not a new element of damages.

Regarding News' proposed *Daubert* motions, the briefing schedule implied in News' letter would put the completion of briefing somewhere around mid-July (assuming no reply briefs), which is far longer than necessary. To begin with, there is no reason the *Daubert* motions need to await depositions of News' experts, nor, for that matter, the completion of Dr. Overstreet's deposition, which should be limited to the work he has performed since the completion of expert discovery. What's more, these motions were already filed by News and withdrawn at the request of the Court. It should be a relatively straightforward matter to re-file them. News' proposed briefing schedule would push the trial of this case into the fall of this year at the earliest, and the additional delay would prejudice Insignia. Evidentiary hearings would only delay things further, magnify the costs for the parties and the Court, and provide the Court with no additional substantive evidence not already available in voluminous expert reports and days of videotaped expert deposition testimony.

Regarding motions in limine and deposition designations, Insignia would propose they be handled in the manner in which the Court typically handles them, in the ordinary course of its pretrial and trial proceedings. As for the trial length, Insignia anticipates that this case should be triable in less than six weeks, perhaps as little as four weeks.

Accordingly, Insignia believes that a trial date set as soon as the Court's schedule permits would be the most efficient way to bring this litigation to its conclusion.

Respectfully submitted,

*Stephen A. Wood*

Stephen A. Wood

cc:   Counsel of Record (via ECF)