**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| INSIGNIA SYSTEMS, INC, | Civil No. 04-4213 (JRT/AJB) |
| Plaintiff, | |
| v. | **ORDER DENYING REQUEST FOR ADDITIONAL DEPOSITIONS** |
| NEWS AMERICA MARKETING IN-STORE, INC, | |
| Defendant. | |

Stephen Wood and Julian Solotorovsky **KELLEY DRYE & WARREN LLP**, 333 West Wacker Drive, Suite 2600, Chicago, IL 60606; William C. MacLeod, **KELLEY DRYE & WARREN LLP,** 3050 K Street NW, Suite 400, Washington, DC 20007; and Robert L. Meller, Jr., **BEST & FLANAGAN LLP**, 225 South Sixth Street, Suite 4000, Minneapolis, MN 55402-4690, for Insignia Systems Inc.

David A. Ettinger, **HONIGMAN MILLER SCHWARTZ AND COHN,** 2290 First National Building, 660 Woodward Avenue, Detroit, MI 48226; Richard L. Stone, **HOGAN & HARTSON**, 1999 Avenue of the Stars, Suite 1400, Los Angeles, CA 90067; and Todd A. Wind and Nicole M. Moen, **FREDRIKSON & BYRON, PA**, 200 South Sixth Street, Suite 4000, Minneapolis, MN 55402-1425, for News America Marketing In-Store, Inc.

Insignia Systems, Inc. ("Insignia") informed News America Marketing In-Store, Inc. ("News") on October 13, 2010 by email that it intended to take the deposition of Tom Tibbs, a former News America employee. Insignia arranged to do the deposition on November 2, 2010 through in-house counsel at Pitney Bowes, Tibbs' current employer, in Stamford, Connecticut. News responded that day that Tibbs had asked News' counsel,

Honigman Miller Schwartz and Cohn LLP, to represent him in this matter, and that all further communications regarding Tibbs should go through that firm. In its letter, News said that it did not intend to produce Tibbs for a deposition, as neither the Rules of Civil Procedure nor the Court's Scheduling Order permitted depositions at that time. Insignia responded on October 15, 2010, asking if Tibbs would be produced at trial if Insignia sought his testimony. Insignia also informed News that it intended to seek the testimony at trial of Sabrina Cagar, another former News employee. News responded on October 28 by email, stating that they represented both Tibbs and Cagar, and would not produce either for depositions or trial.

Insignia followed this exchange between counsel by sending a letter to the Court seeking leave to take the depositions of Tibbs, Cagar, and Michael Murphy, a former employee of Unilever and Johnson & Johnson, consumer packaged goods companies with whom News allegedly did business. News opposed the request by letter and the parties subsequently filed several more letters related to this issue.

## DISCUSSION

Insignia seeks to take the "trial depositions" of Tibbs, Cagar, and Murphy, as News has stated they will be unavailable for trial. Insignia is concerned that if the witnesses cannot be deposed, their testimony will be impossible to procure for trial.

There have been seven scheduling orders in this case. (Docket Nos. 157, 334, 366, 381, 391, 446, 449.) Discovery was originally set to close April 1, 2008. (Docket No. 157.) Pursuant to subsequent orders, discovery closed on August 11, 2008. (Docket

No. 449.) The orders provided that if a party seeks discovery after the close of the discovery period, and after the time for "late discovery," it "shall be required to show good cause to the Court why it should be allowed more time." (Sixth Amended Pretrial Discovery Order ¶ 9, Docket No. 449.) On January 9, 2009, Insignia provided its Amended Disclosures to News, in which Insignia named Tibbs, Cagar, and Murphy, as individuals likely to have discoverable information that could support its claims. (Letter to District Judge, Docket No. 688 Ex. 2.) Despite this identification, Insignia elected not to depose them during the discovery period.

Insignia focused its' argument for why leave should be granted to take the additional depositions entirely on a distinction between "trial depositions" and "discovery depositions." Several courts have found a distinction between depositions strictly to preserve testimony for trial, and depositions for pre-trial discovery which they say should be exempt from pre-trial discovery deadlines. *See Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 354-55 (D. Colo. 2001). For instance, in *Charles v. Wade*, 665 F.2d 661, 664-665 (5th Cir. 1982) the Fifth Circuit allowed the deposition of a witness when it would be an abuse of discretion to deny a party leave to depose a witness where the party would otherwise be denied the witness' testimony altogether. However, in *Charles* the witness had never been deposed, there was no way to secure his testimony because he was imprisoned beyond the subpoena power of the court, and the testimony involved the witnesses' recanting of prior testimony where he testified the defendant had admitted to murder.

The parties also focus on, and disagree about, the meaning of *Henkel v. XIM Prods., Inc.*, 133 F.R.D. 556 (D. Minn. 1991), another case addressing the difference between "trial" depositions and "discovery" depositions. There, the issue raised by the party seeking the deposition was whether the pretrial schedule governs the time for taking depositions where the purpose of the deposition is to preserve testimony for trial. *Id.* The magistrate judge granted plaintiff's motion for a protective order that the deposition of a non-party witness in North Carolina not be taken because defendant decided not to ask the witness questions during an earlier deposition, thus taking the risk that defendant would not be able to procure the appearance of the witness at trial. *Id.* at 558. The magistrate judge noted "if . . . trial depositions are not governed by the pretrial schedule, management of litigation by the court would be made extremely difficult." *Id.* Overall, the reasoning of the decision was that because defendants had an opportunity to depose the witness, and chose not to do so, they could not go outside the pretrial schedule and depose him at a "trial deposition" shortly before trial.

Insignia had opportunities to depose all three of the proposed witnesses while they were employed at News, and during the discovery period. Further, the pre-trial discovery period has been complete for two years, and the request was filed two months before trial. Though Insignia claims it only wishes to use the testimony in lieu of bringing the witnesses to Court, Insignia has not identified a compelling reason, or particular

testimony different than what any of the other fifty proposed witnesses may offer,[1] to allow the depositions to be taken after the close of discovery. Thus the Court denies Insignia's request to take additional depositions.

Insignia further requests that if the Court will not permit them to take a deposition of Murphy, that the Court order News to provide Mr. Murphy's trial deposition transcript from previous litigation. This request is similar to Insignia's request to compel production of trial exhibits and the settlement agreement from *FloorGRAPHICS, Inc. v. News America In-Store Marketing Services, Inc.*, No. 04-3500 (D.N.J.). (Docket No. 592.) That request was denied by the Magistrate Judge who found that the request was to compel discovery, and Insignia had not provided a compelling reason to modify the scheduling order. (Order, Docket No. 628.) As with their prior request, Insignia has identified no compelling reason to allow additional discovery beyond the deadline set by the Court in its various scheduling orders. (*See* Sixth Amended Pretrial Discovery Order, Docket No. 449.)

**ORDER**

Based on the foregoing of all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Insignia's request for leave to take three additional depositions [Docket No. 688] is **DENIED.**

---

[1] Insignia used nearly identical descriptions of the knowledge Cagar and Tibbs have to describe why they need the testimony of at least fifty other people. A similar situation exists as to Murphy. (*See* Amended Disclosures, Docket No. 688 Ex. 2.)

2. Insignia's request to compel production of a deposition transcript from another case [Docket No. 696] is also **DENIED**.

DATED: January 26, 2011                  ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                     JOHN R. TUNHEIM
                                                    United States District Judge