# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| INSIGNIA SYSTEMS, INC, | Civil No. 04-4213 (JRT/AJB) |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO QUASH OUT-OF-STATE NON-PARTY TRIAL SUBPOENAS** |
| NEWS AMERICA MARKETING IN-STORE, INC, | |
| Defendant. | |

Stephen Wood and Julian Solotorovsky **KELLEY DRYE & WARREN LLP**, 333 West Wacker Drive, Suite 2600, Chicago, IL 60606; William C. MacLeod, **KELLEY DRYE & WARREN LLP,** 3050 K Street NW, Suite 400, Washington, DC 20007; and Robert L. Meller, Jr., **BEST & FLANAGAN LLP**, 225 South Sixth Street, Suite 4000, Minneapolis, MN 55402-4690, for Insignia Systems Inc.

David A. Ettinger, **HONIGMAN MILLER SCHWARTZ AND COHN,** 2290 First National Building, 660 Woodward Avenue, Detroit, MI 48226; Richard L. Stone, **HOGAN & HARTSON**, 1999 Avenue of the Stars, Suite 1400, Los Angeles, CA 90067; and Todd A. Wind and Nicole M. Moen, **FREDRIKSON & BYRON, PA**, 200 South Sixth Street, Suite 4000, Minneapolis, MN 55402-1425, for News America Marketing In-Store, Inc.

Defendant News America Marketing In-Store L.L.C. ("News") moves to quash subpoenas served by plaintiff Insignia Systems, Inc. ("Insignia") on News' out-of-state employees West Naze, Chip Carpenter, Matthew Pawlik, and John Linguiti. (Docket No. 780.)

Federal Rule of Civil Procedure 45 sets geographic limits on the subpoena power of federal courts:

> Subject to Rule 45(c)(3)(A)(ii), a subpoena may be served at any place:
>
> (A) within the district of the issuing court;
>
> (B) outside the district but within 100 miles of the place specified for the . . . trial . . .;
>
> (C) within the state of the issuing court . . .;
>
> (D) that the court authorizes on motion and for good cause, if a federal statute so provides.

Fed. R. Civ. P. 45(b)(2). Rule 45(c)(3)(A)(ii) requires the court to quash a subpoena requiring a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person. *Id.* Contrary to plaintiff's assertions, this Court quashed a trial subpoena seeking the appearance of a corporate officer in a recent litigation. *In re Levaquin Prods. Liab. Litig.*, MDL No. 08-1943 (JRT), 2010 WL 4867407, at *2-3 (D. Minn. Nov. 9, 2010) ("[T]he Court finds that the balance of factors for quashing a subpoena on the basis of undue burden weighs in favor of quashing the subpoena . . . The motion to quash the subpoena for Trial Testimony is granted in full."). The Court found that service was not improper, largely because "in MDLs, courts are even less likely to prescribe territorial restrictions since such restrictions could hinder litigation and the intent of an MDL is to make litigation more efficient." *Id.*

Here, the witnesses have been served outside of the state and district of Minnesota, beyond 100 miles from the place specified for trial, and without authorization on motion

for good cause. Further, at oral argument the parties acknowledged that the depositions of Naze, Pawlik and Carpenter have already been taken. Thus, the Court considers that the subpoenas were not properly served as to Naze, Pawlik, and Carpenter, and declines to allow Insignia to compel Linguiti's appearance, as Insignia had ample time to depose him and chose not to do so.

The Court does not at this time endorse either the majority view expressed in *In re Vioxx Products Liab. Litig.*, 438 F. Supp. 2d 664, 667 (E.D. La. 2006) (discretion to grant service of a trial subpoena on a party or party's officer even when the person compelled resides beyond the 100-mile limit for subpoenas), or the "minority" view News attributes to *Johnson v. Big Lot Stores, Inc.*, 251 F.R.D. 213, 216-18 (E.D. LA. 2008) ("Nothing in the language of Rule 45(b)(2) itself provides for service at any *place* other than those locations specified in the rule itself."). Instead, the Court limits its opinion to the facts of this case, and makes no comment on the propriety of considering Vice-Presidents or other employees of a company "officers" for the purpose of Rule 45.

## ORDER

Based on the foregoing of all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that News America Marketing In-Store, Inc.'s Motion to Quash Out-of-State Non-Party Trial Subpoenas [Docket No. 780] is **GRANTED.**

DATED: January 28, 2011  
at Minneapolis, Minnesota.

                                                    s/ John R. Tunheim  
                                                    JOHN R. TUNHEIM  
                                               United States District Judge