UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| INSIGNIA SYSTEMS, INC, | Civil No. 04-4213 (JRT/AJB) |
| Plaintiff, | |
| v. | **ORDER** |
| NEWS AMERICA MARKETING IN-STORE, INC, | |
| Defendant. | |

Stephen Wood and Julian Solotorovsky **KELLEY DRYE & WARREN LLP**, 333 West Wacker Drive, Suite 2600, Chicago, IL 60606; William C. MacLeod, **KELLEY DRYE & WARREN LLP,** 3050 K Street NW, Suite 400, Washington, DC 20007; and Jim Diracles, **BEST & FLANAGAN LLP**, 225 South Sixth Street, Suite 4000, Minneapolis, MN 55402-4690, for Insignia Systems Inc.

David A. Ettinger, **HONIGMAN MILLER SCHWARTZ AND COHN,** 2290 First National Building, 660 Woodward Avenue, Detroit, MI 48226; Richard L. Stone, **HOGAN & HARTSON**, 1999 Avenue of the Stars, Suite 1400, Los Angeles, CA 90067; and Todd A. Wind, **FREDRIKSON & BYRON, PA**, 200 South Sixth Street, Suite 4000, Minneapolis, MN 55402-1425, for News America Marketing In-Store, Inc.

Defendang News America brings this motion in limine requesting an order barring Insignia from presenting evidence or argument that News engaged in allegedly anticompetitive conduct prior to November 14, 2002. (MIL 1 at 1, Docket No. 700.) The basis for exclusion is a Settlement Agreement and Release ("Release") signed on November 14, 2002, releasing News from liability for all pre-Release allegedly anti-competitive conduct. (Release, Shepard Decl. MIL 1 Ex. A, Docket No. 701.) The Release includes the following language:

> For good and valuable consideration, the Parties . . . mutually release . . . any and all claims that are the subject of the Subject Action, or that relate in any way . . . to the claims asserted in or the underlying facts of the Subject Action . . . .

(Release ¶ 5.1.) The Release related to counterclaims brought by Insignia in an action initially filed by News in August 2000. Insignia alleged that News violated the antitrust laws by monopolizing, or attempting to monopolize, an alleged in-store advertising market by entering exclusive agreements with retailers that prevented retailers from using shelf signs other than those provided by News. (Complaint, Shephard Decl. MIL 1 Ex. A; Complaint, Shephard Decl. MIL 1 Ex. B.) The Release required each party to give up its claims against the other. (Release ¶¶ 3.1, 3.2.)

News argues that the Release prevents Insignia from "prov[ing] up conduct that occurred prior to the November 14, 2002 release date and then argue that the jury should find that News America violated the antitrust laws . . . based on News America's alleged pre-release conduct." (MIL 1 at 2.) News also argues that **evidence** of released conduct and agreements is not relevant to any issue in this case.

The Court has ruled twice on the issue of whether pre-Release information can be brought in this case. In an order regarding a motion to strike allegations in, and an exhibit to, the amended complaint, the Court concluded "that the contested allegations and exhibit provide important background for the claims in this action, and that NAMI has not shown prejudice." *Insignia Systems, Inc. v. News America Marketing In-Store, Inc.*, 2006 WL 1851137, at *2 (D. Minn. June 30, 2006) (Docket No. 84). Similarly, when Insignia sought discovery going back to January 1, 2000 and was challenged by News, Magistrate Judge Boylan found "that discovery of pre-November 14, 2002 documents is relevant here." (Order, Docket No. 210) (citing Order, Docket No. 84.)

News argues that once an antitrust claim has been released, it cannot be reasserted based on the defendant's continued adherence to issues the subject of the release. *See MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.*, 161 F.3d 443, 448 (7th Cir. 1998); *Madison Square Garden, L.P. v. Nat'l Hockey League*, 2008 WL 4547518, at *6 (S.D.N.Y. Oct. 10, 2008). Even if damages were suffered after a release date, a plaintiff cannot recover damages for them if the conduct was subject to a release. *Mktg. Assistance Plan, Inc. v. Associated Milk Producers, Inc.*, 338 F. Supp. 1019, 1021-23 (S.D. Tex. 1972). However, News notes it is **not** arguing that similar conduct alleged to have occurred after the Release is prevented from being the basis for a suit.

News also argues that the Release bars Insignia from asserting claims or recovering damages based on News' agreements with retailers entered into before the Release. At a hearing on January 28, 2011, counsel for Insignia acknowledged it agrees that claims and damages calculations in this litigation cannot be based on contracts signed prior to the Release. Though there is a dispute regarding Dr. Thomas Overstreet's damages calculations, as discussed in the Court's *Daubert*-order (Docket No. 791), damages calculations predicated on inappropriate data can be challenged on cross-examination.

The Court does not interpret the Release to stand for the proposition that all conduct or information relating to News prior to November 14, 2002 is irrelevant or inadmissible *per se* to this litigation. The relevant inquiry is whether a claim in **this** case is based on anti-competitive conduct that was the subject of the **prior** case; if not, the pre-Release conduct or information is admissible. By way of example: if a certain document alleged to have caused harm was created after the Release date, but includes information and reports that came into existence prior to the Release date, it would clearly be improper to bar any explanation of the facts underlying the

letter. *See* Fed. R. Evid. 404(b). However, to prevent abuse of this ruling, the Court may require the parties, when introducing evidence that came into existence prior to the date of the Release, to demonstrate how it is not related to the claims asserted in the prior litigation, but is related to the instant litigation.

## ORDER

Based on the foregoing of all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that News' Motion *In Limine* No. 1 to Exclude Evidence of and References to Released Conduct [Docket No. 699] is **DENIED.**

DATED: February 4, 2011
at Minneapolis, Minnesota.

                                                                                  s/John R. Tunheim
                                                                                  JOHN R. TUNHEIM
                                                         United States District Judge